UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANITA WEAVER,

    Plaintiff,

-VS-

NATIONAL ATTORNEY SERVICES, LLC,

    Defendant.
_____/

CASE NO.: 6:14-cv-355-Orl-28RS

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, Anita Weaver, who alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

1. This is an action for damages exceeding fifteen thousand dollars ($15,000.00) exclusive of attorney fees and cost.

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and §1332.

3. The alleged violations described in the Complaint occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff, ANITA WEAVER is a natural person, and citizen of the State of Florida, residing in Orange County, Florida

5. Plaintiff is a natural person who is allegedly obligated to pay a consumer debt.

6. Plaintiff is an "alleged debtor."

1

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, National Attorney Services, LLC (hereinafter "NAS"), is a corporation, debt collector and citizen of the State of California with its principal place of business at 700 North Brand Blvd #200, Glendale, CA 91203.

9. NAS sought to collect a debt from Plaintiff that arose from a transaction incurred supposedly for personal, family or household purposes and therefore is a "consumer debt" as defined by Florida Statute §559.55(1).

10. NAS intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

11. Each call NAS made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

12. Each call NAS made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

13. Prior to February 2013, Plaintiff would receive phone calls to her cell phone, 216-659-7479, from NAS attempting to collect on a debt of "Michelle Reese" a person Plaintiff does not know.

14. On or about February, 2013, NAS began to constantly call Plaintiff on her cellular phone number continually attempting to collect a debt from Plaintiff which she did not owe.

15. In February, 2013, NAS would call Plaintiff upwards of three (3) times a day looking for the woman whom Plaintiff was not aware of.

16. Plaintiff began receiving an increased bombardment of calls from NAS to her cell phone attempting to collect a debt for Michelle Reese.

17. Due to such a high volume of calls from NAS to her cell phone, Plaintiff was not able to write down each call, however the following is a sample of the calls received from NAS to her cell phone:

    i. Twice on February 20, 2013

    ii. Five times on February 21, 2013

    iii. Twice on March 14, 2013

    iv. Twice on March 15, 2013

    v. Twice on March 18, 2013

    vi. March 19, 2013

18. Plaintiff received approximately one hundred (100) calls from NAS to her cellular phone looking for an unknown woman.

19. NAS has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, or NAS, to remove the incorrect number.

20. In addition to the calls being place to Plaintiff's cellular telephone, Plaintiff began receiving text messages from NAS attempting to collect a debt for Michelle Reese.

21. Plaintiff never expressly consented to NAS's placement of unsolicited spam text messages to her cell phone.

22. Despite actual knowledge of their wrongdoing, NAS continued the campaign of abuse.

23. NAS's corporate policies and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals explaining to NAS that they are the wrong party.

24. NAS's corporate policy and procedures provided no means for Plaintiff to have her number removed from the call list.

25. NAS has a corporate policy to harass and abuse individuals and has set up their call-back system in a manner which makes it virtually impossible for the robo-calls to stop.

26. Plaintiff did not expressly consent to NAS's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to NAS's placement of the calls.

27. None of NAS's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. NAS willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) above and further states:

29. NAS repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAS for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) above and further states:

30. At all times relevant to this action NAS is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

31. NAS has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

32. NAS has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

33. NAS has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

34. NAS's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against NAS for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FDCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) above and further states:

35. The foregoing acts and omissions of NAS and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and everyone one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

(a) NAS violated 15 U.S.C. § 1692d by committing actions against the Plaintiff in which the consequences result in the Plaintiff feeling harassed and abused.

(b) NAS violated 15 U.S.C. § 1692d(5) by continually causing the Plaintiff's phone to ring.

  (b) NAS violated 15 U.S.C. § 1692d(5) by continually causing the Plaintiff's phone to ring.

  (c) NAS violated 15 U.S.C. § 1692f(1) by attempting to collect a debt which Plaintiff is not legally obligated to pay.

36. As a result of each and every one of NAS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every NAS herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against NAS and moves this Honorable Court for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the NAS and for the Plaintiff; for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692(a)(2)(A) against NAS and for Plaintiff; for an award of costs of litigation and reasonably attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against NAS and for Plaintiff, and any other such relief this Honorable Court may deem just and proper in the spirit of justice.

        Respectfully submitted,

        _____
        Jared Michael Lee, Esquire
        Morgan & Morgan, P.A.
        20 N. Orange Ave., Suite 1600
        Orlando, FL 32801
        Tele: (407) 420-1414
        Fax: (407) 245-3485
        Florida Bar#: 0052284
        Attorney for Plaintiff
        jlee@forthepeople.com